# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BOBCAD-CAM, INC.,**

    **Plaintiff,**

**v.**                                                                      **Case No.  8:11-cv-391-T-30AEP**

**RANDALL WATERS and OLAF KLUG,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Dkt. 6), Defendants' Response in opposition (Dkt. 9), and Defendants' Supplement to their Response (Dkt. 28). Also before the Court is Plaintiff' 's Motion for Extension of Time to Respond to the pending Motion to Dismiss (Dkt. 5). Upon consideration, the Court concludes that the motion to remand should be denied and the motion for extension of time granted.

### **Background**

Plaintiff BobCAD-CAM, Inc. originally filed suit in Florida state court on December 28, 2010, alleging a state claim for declaratory relief. The allegations in the complaint are based on the termination of contracts for computer programming services between the Plaintiff and each defendant. Plaintiff seeks a declaration that each contract was properly terminated based on material breaches and damages for each Defendant's alleged material breach. Plaintiff attached both contracts to the complaint.

Defendants removed the action to this Court on February 25, 2011, claiming diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand arguing that Defendants failed to meet the standard of proof required with regard to the amount in controversy.

## Discussion

A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[D]istrict Courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (citations omitted). Whether removal is proper depends on whether the case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Removal statutes are construed narrowly with uncertainties resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, see 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted). On a motion to remand, the removing party has the burden of establishing that the federal court has jurisdiction over the matter. *Diaz*, 139 F.3d at 1505.

Because the relevant inquiry on a motion to remand is whether the case could have originally been brought in district court, the Court looks to the plaintiff's claim to determine if removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiff's complaint. *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 (M.D. Fla. 2000).

Under 28 U.S.C. §1332, District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs" and where there is diversity of citizenship between parties.  Here, it is undisputed that diversity of citizenship exists.  The question before the Court is whether the amount in controversy exceeds the requisite amount.

In their notice of removal, Defendants assert that the terms of the contracts attached to the complaint establish the amount in controversy as $507,500 as to Defendant Waters and $518,700 as to Defendant Klug.  Plaintiff argues that Defendants' calculation of the damages focuses on Defendants, rather than taking a "plaintiff's viewpoint approach."  However, Plaintiff's Rule 26 disclosures, which Defendants submitted with their supplement to their motion, reflect that Plaintiff's calculation of damages greatly exceed the $75,000 threshold.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff BobCad-Cam, Inc.'s Motion to Remand (Dkt. 6) is DENIED.

2.      Plaintiff's Motion for Extension of Time to Respond to the pending motion to dismiss the complaint (Dkt. 5) is GRANTED.  Plaintiff shall file a response to the motion to dismiss (Dkt. 3) within fourteen (14) days.

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-391.remand 9.wpd